**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATT SISSEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:10-cv-01263 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF OPPOSITION TO RELATED-CASE DESIGNATION UNDER LOCAL
CIVIL RULE 40.5**

**Introduction**

Plaintiff Matt Sissel has designated this case as related to *Association of American
Physicians and Surgeons v. Sebelius*, Civ. No. 10-00499 (D.D.C.) (RJL) (*"AAPS"*), along with
six other cases pending in districts around the country, on the grounds that the cases involve
"common issues of fact" and "grow out of the same event or transaction." Dkt. No. 2. Under the
Local Civil Rules, the case was therefore assigned to this Court. Defendants hereby object to
this designation. Plaintiff's lawsuit is not related to *AAPS* (or any of the other identified cases)
as contemplated by Local Civil Rule 40.5. The cases do not share any common issues of fact,
nor do they grow out of the same event or transaction. At most, they share an issue of law
regarding the constitutionality of one provision of the Patient Protection and Affordable Care Act
("ACA"), Pub. L. No. 111-148, 124 Stat. 119 (2010). But common questions of law do not
suffice to sustain a related-case designation. *See In re Tobacco/Governmental Health Care*

*Costs Litig.*, 76 F. Supp. 2d 5, 9 n.5 (D.D.C. 1999).  Because grounds do not exist for an exception to this Court's policy that cases be randomly assigned, the Court should transfer this case to the Calendar and Case Management Committee for random reassignment pursuant to Local Civil Rule 40.3(a).

## Background

In *AAPS*, an organization sued the Commissioner of Social Security and the Secretary of Health and Human Services on two sets of disconnected counts.  The plaintiff claimed that the Social Security Administration's handbook (the Program Operations Manual System ("POMS")) violates the Administrative Procedure Act ("APA"), and asserted breach of fiduciary duty claims against the Commissioner and the Secretary.  *See AAPS*, Compl. ¶¶ 45-50, 61-72.  The plaintiff also raised wholly unrelated constitutional challenges to the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010), as amended by the Health Care and Reconciliation Act of 2010, Pub. L. No. 111-152, 14 Stat. 1029 (Mar. 30, 2010). *See AAPS*, Compl. ¶¶ 51-60.

With its complaint, AAPS filed a related-case designation, contending that the case was related to *Hall v. Sebelius*, Civ. No. 08-1715 (D.D.C.) (RMC), in which the plaintiffs also sued the Department of Health and Human Services and the Social Security Administration, raising two APA challenges concerning the POMS that are nearly identical to the claims raised in *AAPS*. AAPS contended that the existence of these shared claims constituted common issues of fact and meant that the complaints arose from the same event or transaction.  After receiving the government's objections to the related case designation, the Calendar Committee rejected the

designation and randomly reassigned *AAPS* to this Court, as merely raising challenges to the legality of the same provisions does not make two cases related.

Plaintiff Matt Sissel, an individual bringing suit on his own behalf, now challenges the constitutionality of one provision of the ACA.  He has filed his own related-case notice, in which he contends that this case "involves common issues of fact" and "grows out of the same event or transaction" as *AAPS* and six cases pending before other districts throughout the country, each of which challenges the legality of the ACA.  *See* Dkt. No. 2.

### <u>Argument</u>

The rule in this district is that civil cases generally "shall be assigned to Judges of this court selected at random" in the manner specified in the local rules.  LCvR 40.3(a). This rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (op. of Calendar Committee).  "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process." *Dale v. Executive Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (op. of Calendar Committee).

Local Civil Rule 40.5 is an exception to the random-assignment rule that normally governs judicial assignments.  Rule 40.5 governs the determination of whether cases are related for purposes of the assignment of a single judge.  It states, in relevant part, that civil cases are related when the "[e]arlier [case] is still pending on the merits in the District Court and they . . . involve common issues of fact, or . . . grow out of the same event or transaction." LCvR

3

40.5(a)(3).  The party who claims that cases are related bears the burden of making that

demonstration.  *Dale*, 121 F. Supp. 2d at 37.  The exception embodied in Rule 40.5 rests on the

notion that it would be a waste of time and resources for two judges to be handling cases that

"are so related that they involve common factual issues."  *Id*.  That two cases present one or

more similar issues of law, however, does not suffice for them to be deemed related.  *See* LCvR

40.5(a)(3); *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000); *In re*

*Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d at 9 n.5 ("It is the factual, not

the legal, similarities that . . . this Court's Rules identify as controlling on the question of transfer

or consolidation.").

      This case does not present common issues of fact or grow out of the same event or

transaction as *AAPS* or any of the other six cases identified by Plaintiff's designation.[1]  Instead,

the similarity between these cases begins and ends with but one similar legal claim regarding the

ACA (i.e., that the requirement that individuals maintain a minimum level of insurance coverage

or pay a penalty on their tax return beginning in tax year 2014 is contrary to law).  The

differences between this case and *AAPS*, for example, are significant, as the *AAPS* plaintiffs raise

APA challenges to the Social Security Administration's handbook, breach of fiduciary duty

claims against multiple agency heads, and additional challenges to the ACA not contained in

---

[1] It is notable that Plaintiff has not designated his case as related to *Mead v. Holder*, Civ. No.
1:10-00950, and currently pending before Judge Kessler.  Like this case and *AAPS*, *Mead* also
challenges the constitutionality of the minimum coverage provision.  Indeed, when they filed
their complaint on June 9, 2010, the plaintiffs in *Mead* did not designate their case as related to
*AAPS*.  This case is no more related to *AAPS* than to *Mead* for purposes of Rule 40.5.

Sissel's complaint.[2]  The single shared claim presents purely legal questions regarding whether the minimum coverage provision is authorized by law.  That claim gives rise to no common issues of fact,[3] nor does it arise out of a common event or transaction.  Indeed, the provision at issue in Plaintiff's complaint does not take effect until 2014 and thus has yet to be applied.

Because the parties in these two cases are merely bringing separate legal challenges to a common statutory provision, they cannot sustain a related-case designation.  The basis for Plaintiff's designation would effectively mean that all similar legal challenges to a statute would be brought before a single judge.  Such an approach is not only inconsistent with the text of Local Civil Rule 40.5, but it would frustrate the purposes of the Court's general practice of random reassignment.  Plaintiff's designation of *Sissel* and *AAPS* as related cases therefore fails for the same reason as the previous related-case designation of *AAPS* and *Hall*.  Just as the Court properly determined that *Hall* and *AAPS* were not related simply because they raised similar legal challenges to Social Security and Medicare, *Sissel* and *AAPS* are not related on account of a single similar legal challenge to the ACA.

## Conclusion

For the reasons stated above, the Court should transfer this case to the Calendar and Case Management Committee for reassignment.

---

[2] Since *AAPS* was reassigned to this Court, the plaintiff has twice amended its complaint to add a second organizational plaintiff  and to raise a new challenge to regulations addressing the conditions under which Medicare Part B will pay for certain services.  *See AAPS*, Second Am. Compl.  These amendments only underscore the lack of relevant commonality between the two cases.

[3] The only potentially relevant facts in this case will pertain to whether Plaintiff has standing. That inquiry, however, will be specific to this case, and wholly distinct from the analysis to be undertaken in *AAPS*, which raises additional issues regarding associational standing.

Dated: October 25, 2010.                    Respectfully submitted,

                                            TONY WEST
                                            Assistant Attorney General

                                            RONALD C. MACHEN JR.
                                            United States Attorney

                                            SHEILA M. LIEBER
                                            Deputy Branch Director, Federal Programs
                                            Branch, Civil Division

                                             */s/ Scott Risner*
                                            SCOTT RISNER (MI Bar No. P70762)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W.
                                            Washington, D.C. 20001
                                            Telephone: (202) 514-2395
                                            Fax: (202) 616-8470
                                            Email: scott.risner@usdoj.gov

                                            Attorney for Defendants