UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATT SISSEL | ) Case No. 1:10-cv-01263 (RJL) |
|                 Plaintiff, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as United States Secretary of Health and Human Services;  UNITED STATES DEPARTMENT OF THE TREASURY; and TIMOTHY GEITHNER, in his official capacity as United States Secretary of the Treasury; | ) |
|                 Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
NOTICE OF OPPOSITION TO RELATED-CASE DESIGNATION**

**ARGUMENT**

This action is properly before this Court, because it is related to *Association of American Physicians and Surgeons, Inc. v. Sebelius*, Civ. No. 10-00499 (*AAPS*) within the meaning of Local Civil Rule 40.5(a)(3). Rule 40.5 exempts a "related" case from the general requirement that it be randomly assigned. Cases are related if they "involve common issues of fact." *Id.* This criterion is easily satisfied here.

This case and *AAPS* share many common issues of fact. Plaintiffs in both actions claim that the Patient Protection and Affordable Care Act's mandate requiring individuals to purchase health insurance is unconstitutional under the Commerce Clause. *Compare* Complaint for Declaratory and Injunctive Relief in *Sissel v. U.S. Dep't of Health & Hum. Servs.* (*Sissel* Complaint) at 9-10 (Claim for Relief) *with* Second Amended and Supplemental Complaint for Declaratory and Injunctive Relief in *Ass'n of Am. Physicians & Surgeons v. Sebelius* (*AAPS* Complaint) at 25 (Count III). The individual mandate must be deemed unconstitutional unless the Defendants (Government) can demonstrate that the individual mandate is a regulation of "activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995) (interpreting U.S. Const. art. I, § 8, cl. 3). As in most Commerce Clause cases, the Court must determine whether there is a sufficient "**factual predicate**" tethering the individual mandate to the Congress's commerce power. *United States v. Bowers*, 2007 U.S. Dist. LEXIS 92159, *10 (E.D. Mich. 2007) (emphasis added); *see also Gonzales v. Raich*, 545 U.S. 1, 19-23 (2005) (assessing factual justification for federal regulation of intrastate possession, use and manufacture of marijuana); *United States v. Morrison*, 529 U.S. 598, 613-16 (2000) (assessing factual justification for Violence Against Women Act under the Commerce Clause); *id.* at 628 (Souter, J., dissenting) (referring to the "facts [that] support

-1-

[Congress's] exercise of the commerce clause"); *Wickard v. Filburn*, 317 U.S. 111, 125-26 (1942) (assessing factual justification for Agricultural Adjustment Act under the Commerce Clause).

Plaintiffs in both this case and in *AAPS* argue that there is no factual predicate justifying the individual mandate under the Commerce Clause. They contend that the Commerce Clause authorizes the regulation only of activity—not *inactivity*, such as the fact that Plaintiffs have not chosen to purchase health insurance. *See, e.g.*, *Sissel* Complaint at 10, ¶ 35; *AAPS* Complaint at 20, ¶ 70. By contrast, the Government defends the individual mandate on the ground that a person not choosing to buy health insurance nevertheless is engaged in economic activity, and that such activity substantially affects interstate commerce. *See, e.g.*, *State of Florida v. United States Dep't of Health & Human Servs.*, 2010 U.S. Dist. LEXIS 111775 (N.D. Fla. 2010) (defending mandate on this ground); *Thomas More Law Ctr. v. Obama*, 2010 U.S. Dist. LEXIS 107416 (E.D. Mich. 2010) (same). Importantly, the Government relies on certain empirical allegations about the economic nature, implications, and impact of the decision to forgo health insurance. *E.g.*, *State of Florida*, 2010 U.S. Dist. LEXIS 111775, at *111-18 (illustrating the Government's defense in challenges to the individual mandate). These allegations are reflected in the mandate's "factual predicate," which the Congress wrote into the Act (42 U.S.C. § 18091) and, unlike an issue of law, is subject to empirical review and analysis. For example, the Congress made empirical findings concerning the relationship between "[h]ealth insurance and health care services" and the "national economy"; the effect of the individual mandate on the "supply of, and demand for, health care services"; and the "cost" of "the uninsured" to taxpayers, governments, and the economy as a whole. *Id.* § 18091(2). This case and *AAPS* both raise these common issues of fact—*i.e.*, facts that are disputed, and that this Court will need to resolve.

Recent decisions out of Michigan and Florida, where similar Commerce Clause challenges to the individual mandate have been brought, confirm that such challenges raise the same issues of fact that are subject to empirical observation and analysis. In *Thomas More Law Ctr.*, 2010 U.S. Dist. LEXIS 107416, the court dedicated an entire section of its opinion to an analysis of the Congress's alleged factual predicate for the individual mandate, including:

- whether—in fact—individuals who forgo health insurance nevertheless are "participa[ting]" in "the health care services market";
- whether—in fact—"decisions to forgo insurance coverage . . . drive up the cost of insurance";
- whether—in fact—such "decisions . . . have clear and direct impacts on health care providers, taxpayers, and the insured population;
- whether and how—in fact—the "health care market is unlike other markets";
- how—in fact—"participants in the health care market pay for medical expenses";
- whether—in fact—the individual mandate is "an essential part of a comprehensive regulatory scheme";
- whether and how—in fact—the elimination of the individual mandate to purchase health insurance from the Patient Protection and Affordable Care Act would affect the provision and cost of health insurance.

*Id.* at *25-29.

Similarly, in *State of Florida*, 2010 U.S. Dist. LEXIS 111775, the district court analyzed some of the same factual issues on a motion to dismiss. Like all other Commerce Clause challenges to the individual mandate, the Florida plaintiffs' challenge raises empirical questions about the

economic nature and impact of not choosing to buy health insurance, with respect to the health-insurance market, taxpayers, and government. *Id.* at *117-18. The Government's argument in that case raises, among other questions, the empirical issues of whether and how the individual mandate is "essential" to the Act's other "insurance market reforms." *Id.* at *113.

In sum, both the *Thomas More* and *State of Florida* challenges—like the challenges in this case and in *AAPS*—probe Congress's factual predicate for the individual mandate under the Commerce Clause. The exception to the "random assignment" rule was made to ensure the efficient resolution of factually similar litigation—like this case and *AAPS*. Reassignment of this case would waste judicial resources.

The Government argues that this case and *AAPS* "share [only] an issue of law regarding the constitutionality of" the individual mandate, and no factual questions. Notice of Opposition to Related-Case Designation (Defs' Notice) at 1. It also contends that the two complaints are too different to be related, because the *AAPS* plaintiffs bring legal claims that are wholly unrelated to the individual mandate challenge. *Id.* at 4. The Government's arguments lack merit.

First, the Government overlooks the numerous and identical issues of fact that both cases raise. As explained above, and as evidenced in the *Thomas More* and *State of Florida* decisions, the individual-mandate suits give rise to a host of difficult and complex factual questions concerning the nature of the health-insurance market, its impact on the national economy, and the economic nature and impact of not choosing to buy health insurance. There is no reason to require multiple judges on the same Court to resolve these factual issues in potentially different ways.[1]

---

[1] In a footnote, the Government notes that there is another challenge to the individual mandate pending before another judge of this Court, *Mead v. Holder* (Civ. No. 1:10-00950). Defs' Notice
(continued...)

Second, there is no authority for the Government's proposition that complete identity among the various legal claims in two actions is necessary for them to be "related." The relevant language in Local Rule 40.5(a)(3) is broad, allowing any two cases to be "related" simply if they "involve common issues of fact." The rule does not require the total identity of issues of fact, or issues of law. *See, e.g.*, *Standing Rock Sioux Tribe v. Norton*, 2002 U.S. Dist. LEXIS 27232, at *8 (D. D.C. 2002) ("[A]lthough differences may exist between the instant matter and *Cobell*, there are clearly issues of fact that are common to both cases that are sufficient to reject defendants' position [that the two cases are not related under Local Rule 40.5(a)(3)].").

None of the Government's authorities helps them. The Government cites the *AAPS* plaintiffs' failed attempt to relate their case to *Hall v. Leavitt* (Civ. No. 08-01715). The *AAPS* plaintiffs argued for "relatedness" based on the two lawsuits' claims against the Social Security Administration's handbook. But whether the Social Security claims in those two suits shared common issues of fact has no bearing on the relatedness of the individual-mandate challenges in this

---

(...continued)
at 4 n.1. The Government correctly observes that Plaintiff Sissel did not designate this case as "related" to *Mead*, and that the plaintiffs in *Mead* did not designate *AAPS* as a "related" case. This observation is irrelevant to the question of whether this case is related to *AAPS*—the earliest filed challenge to the individual mandate in this Court. *See Dale v. Executive Office of the President*, 121 F. Supp. 2d 35 (D.D.C. 2000) (explaining that Local "Rule 40.5 allows assignment to the same judge when the earliest case is still pending on the merits before that judge"). This case and *AAPS* either share or do not share common issues of fact under Local Rule 40.5, regardless of whether another lawsuit might also be related. In any event, Plaintiff's counsel in this case in good faith referred to all "related" cases of which they were aware, after due diligence into the matter, prior to the complaint's filing in July, 2010. *See* PLF Liberty Blog, Health Care Lawsuit Unites PLF and Her Allies in the Fight for Liberty, http://plf.typepad.com/plf/2010/08/health-care-law-suit-unites-plf-and-her-allies-in-the-fight-for-liberty.html (last visited Nov. 2, 2010). Of course, if *Mead* is related to this case and to *AAPS* (the first filed action among the three), then the *Mead* parties can make a "related case" designation.

case and in *AAPS*. The *AAPS* plaintiffs' attempt to designate *Hall* as a related case is simply irrelevant.

Next, the Government cites *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000), and *Dale*, 121 F. Supp. 2d 35, for the proposition that Rule 40.5 must be applied without prejudice to the integrity and fairness of the judicial process. Defs' Notice at 3. Plaintiff agrees. Indeed, those values are promoted by ensuring that this Court *consistently* resolves the significant factual questions raised by multiple challenges to the individual mandate—a matter of significant national controversy and concern.

Finally, the Government cites *Keepseagle v. Glickman*, 194 F.R.D. 1 (D.D.C. 2000), and *Tobacco/Gov'tl Health Care Costs Litig.*, 76 F. Supp. 2d 5 (D.D.C. 1999), for the view that two actions' similar *legal* issues do not render them "related" under Local Rule 40.5. But the Government misses the point. This case and *AAPS* are related because of their common issues of fact.

## CONCLUSION

This case should not be randomly reassigned. For the reasons stated above, it shares myriad factual issues with *AAPS*. Reassignment would undermine judicial efficiency and fairness, by

risking inconsistent rulings and outcomes on the *same* questions of fact—and of law—in cases of nationwide importance.  Plaintiff's related-case designation should be upheld.

DATED:  November 3, 2010.

Respectfully submitted,

　　　　/s/ Paul J. Beard II
THEODORE HADZI-ANTICH, D.C. Bar No. 251967
PAUL J. BEARD, II, Cal. Bar No. 210563*
TIMOTHY SANDEFUR, Cal. Bar No. 224436*
LUKE A. WAKE, Cal. Bar No. 264647*
DANIEL A. HIMEBAUGH, Wash. Bar No. 41711*
ALAN E. DESERIO, Florida Bar No. 155394**
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California 95834
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
*Pro Hac Vice
**Application for Pro Hac Vice Pending

Attorneys for Plaintiff Matt Sissel

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2010, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF OPPOSITION TO RELATED-CASE DESIGNATION with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

       /s/ Paul J. Beard II
       PAUL J. BEARD II