**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATT SISSEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:10-cv-01263 (BAH) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) **JOINT STATUS REPORT** |
| HEALTH AND HUMAN SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to the Court's Order of December 1, 2011, the parties respectfully submit this joint status report addressing how the case should proceed at this time.  Because the Plaintiff and Defendants differ on how to proceed in this litigation, they separately set out their respective positions below.

**PLAINTIFF'S POSITION**

**A.  Procedural Background**

Plaintiff challenges the constitutionality of the Patient Protection and Affordable Care Act, on the ground that the Individual Mandate to purchase health insurance on pain of penalty violates the Commerce Clause of the United States Constitution.  Plaintiff seeks a declaration to that effect and an injunction prohibiting the Government from forcing Plaintiff to purchase health insurance, beginning in 2014.  Defendants' motion to dismiss was stayed pending the United States Supreme Court's decision in *National Federation of Independent Business (NFIB) v. Sebelius*, No. 11-393; *Department of Health & Human Services v. Florida*, No. 11-398; and

1

*Florida v. Department of Health & Human Services*, No. 11-400 (collectively, *"NFIB"*).   On June 28, 2012, the Supreme Court issued its decision in *NFIB*.  *See* 183 L. Ed. 2d 450, 2012 WL 2427810.

**B.  The Supreme Court's Decision**

The Supreme Court held that the Act's Individual Mandate to purchase health insurance violates the Commerce Clause of Article I, section 8, of the United States Constitution.  *NFIB*, 183 L. Ed. 2d at 481 (Roberts, C.J.)  ("The commerce clause power thus does not authorize the mandate."); *id.* at 536-37 (Scalia, Kennedy, Thomas, and Alito, JJ., dissenting) ("The Act before us here exceeds federal power . . . in mandating the purchase of health insurance . . . .").  Simply put, the "Federal Government does not have the power to order people to buy health insurance." *Id.* at 490 (Roberts, C.J.).  But, in an effort to save the Act, Chief Justice Roberts relied on the "saving construction" doctrine to construe the penalty for not obtaining "minimum essential" health insurance as a "tax on those who do not buy that product."  *Id.* at 482 (Roberts, C.J.).  He concluded that the Congress's power to "lay and collect Taxes" authorized that tax.  *Id.*  Four other Justices agreed with the Chief Justice's conclusion that the penalty is a tax for purposes of the Tax Power.  *Id.* at 499 (Ginsburg, J., concurring in party & dissenting in part) ("I agree with the CHIEF JUSTICE that . . . the minimum coverage provision is a proper exercise of Congress's taxing power.").

In summary, the Court found the requirement to buy health insurance under the Individual Mandate to be unlawful, but preserved the penalty as a lawful tax.

2

### C.  Plaintiff's Motion To Amend

Plaintiff believes that the Supreme Court's decision in *NFIB* substantially alters the legal framework for assessing his legal challenge.  Importantly, under the Court's decision concerning the Individual Mandate, Plaintiff is entitled to the relief he seeks in his Complaint.  Nevertheless, Plaintiff will file a motion to amend that Complaint in order to clarify that, in light of the Supreme Court's decision, the constitutional infirmity lies only in the Individual Mandate's requirement to purchase health insurance (as opposed to the tax penalty).

Plaintiff also believes that the Court's construction of the penalty as a tax subjects the tax to new constitutional challenges that were not briefed or argued before the Supreme Court, and that the majority therefore did not decide.  Accordingly, Plaintiff's proposed amendment will also add a second claim that challenges the constitutionality of the tax, on grounds other than the Tax Clause.  Plaintiff will move to amend his Complaint pursuant to FRCP 15(a)(2), and that motion will specify in greater detail the grounds for amendment.

It is premature to argue the merits of Plaintiff's motion to amend in a status report.  But to respond briefly to Defendants' objections, and as Plaintiff will argue, federal policy strongly favors allowing amendments of complaints.  *See* FRCP 15(a)(2) ("The court should freely give leave when justice so requires.").  Indeed, motions to amend are freely given, unless the opposing party is able to show undue prejudice, or bad faith or dilatory motive on the part of the moving party.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Defendants will not be able to show undue prejudice, nor any bad faith or dilatory motive, on the part of Plaintiff in seeking amendment of the Complaint.  Plaintiff's motion to amend is based strictly on the Supreme Court's recent decision.

Plaintiff proposes the following briefing schedule for the motion to amend the Complaint: Plaintiff will file his motion to amend on September 11, 2012. Defendants will file their opposition on October 9, and Plaintiff will file his reply on October 26.

### D. Defendants' Motion To Dismiss

In the meantime, Plaintiff urges this Court to continue the stay on Defendants' motion to dismiss until after it decides Plaintiff's motion to amend. Plaintiff believes that the proposed amended Complaint will dispose of nearly all of the arguments Defendants' motion to dismiss raises.

If and when the Court grants Plaintiff's motion to amend, Plaintiff proposes that Defendants be given an opportunity to withdraw the current motion to dismiss and file a new one that responds to the amended Complaint. If Defendants do not withdraw their pending motion to dismiss, then Plaintiff will request that he be given an opportunity to file a new opposition brief that takes into account the Supreme Court's decision in *NFIB*.

### DEFENDANTS' POSITION

The single count in Plaintiff's complaint challenges the constitutionality of the minimum coverage provision of the Patient Protection and Affordable Care Act, 26 U.S.C. § 5000A. *See* Compl. ¶¶ 1, 32-35. On June 28, 2012, the Supreme Court upheld the minimum coverage provision as a valid exercise of Congress's taxing power. *See Nat'l Fed'n of Indep. Business v. Sebelius*, 132 S. Ct. 2566, 2012 WL 2427810, at **30. Because the Supreme Court's decision resolves the single count in Plaintiff's complaint, his claim should be dismissed.

Plaintiff's contention that he is "entitled to the relief he seeks in his complaint," in light of the Supreme Court's ruling, is baseless. Plaintiff's complaint seeks "a declaration that the

Act's Individual Mandate is unconstitutional and invalid both on its face and as applied to him," Compl. ¶ 20; a declaration that the entire Affordable Care Act is invalid, *id.* ¶ 21; and injunctive relief enjoining the operation of § 5000A and the assessment of tax penalties for those non-exempted individuals who do not maintain a minimum level of health insurance, *id.* at 12.

In no way is Plaintiff entitled to such relief.  Notwithstanding his mischaracterization of the Supreme Court's decision, the Court rejected claims virtually identical to his.  He is not entitled to any relief whatsoever because the Supreme Court upheld § 5000A in its entirety.  *See* 2012 WL 2427810, at **30 ("The Federal Government does have the power to impose a tax on those without health insurance.  Section 5000A is therefore constitutional, because it can reasonably be read as a tax.") (Roberts, C.J.); *id.* at **39 ("I agree with the CHIEF JUSTICE . . . that the minimum coverage provision is a proper exercise of Congress' taxing power.") (Ginsburg, J., concurring).

Because the Supreme Court has definitively resolved his claim against him, Plaintiff is entitled to no declaratory or injunctive relief.  His complaint should thus be dismissed with prejudice, with each party to bear its own costs.



While Plaintiff also indicates a desire to amend his complaint to raise "new constitutional challenges" to the law, he does not identify the grounds for any such claims. Such a general indication of an intent to amend the complaint does not warrant delaying entry of judgment in this case on the single claim now before the Court.

Dated:  July 30, 2012.

Respectfully submitted,

THEODORE HADZI-ANTICH, DC Bar No. 251967
PAUL J. BEARD, II, CA Bar No. 210563*
TIMOTHY SANDEFUR, CA Bar No. 224436*
DANIEL A. HIMEBAUGH, WA Bar No. 41711*
ALAN E. DESERIO, Florida Bar No. 155394*

STUART F. DELERY
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director, Federal Programs Branch

 /s/ Paul J. Beard II
PAUL J. BEARD II
Principal Attorney
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
Email:  pjb@pacificlegal.org
*Pro Hac Vice

Counsel for Plaintiff

 /s/ Scott Risner
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 514-2395
Fax:  (202) 616-8470
Email:  scott.risner@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2012, I electronically filed the foregoing JOINT STATUS REPORT with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                    /s/Paul J. Beard II_____
                                    PAUL J. BEARD II

1